UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNY C. RICHARDSON,
Plaintiff

Case No. 1:09-cv-50

Spiegel, J.

vs

HAMILTON COUNTY, OHIO, et al.,
Defendants

**ORDER**

Plaintiff, an inmate at the London Correctional Institution in London, Ohio, brings this civil action pursuant to 42 U.S.C. § 1983 alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n,* 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff brings this action against Hamilton County, Ohio, former Hamilton County Clerk of Court Gregg Hartman, Hamilton County Sheriff Social Services employee Teri Fisher, and the Hamilton County Sheriff's Department. Plaintiff alleges that he was charged with

2

receiving stolen property in October 2006. He states he served 111 days in jail prior to his conviction and sentence of probation on February 21, 2007. Thereafter, plaintiff violated his probation and was returned to jail on April 16, 2007. When he appeared before Judge Mallory on July 9, 2007, plaintiff advised the judge that he had served an additional 85 days since his probation violation for a total of six and one-half months. Plaintiff states Judge Mallory did not believe him and sentenced plaintiff to seven months in jail. Plaintiff alleges that given credit for jail time already served, he should have been released on or about July 27, 2007. However, he was not released and subsequently filed a motion for credit of time served. Judge Mallory granted the motion on September 28, 2007, granting plaintiff credit of 194 days for time served as of the date of sentencing. Plaintiff alleges that Sheriff Leis did not release him until November 8, 2007, more than three months after the expiration of his sentence. As a result, plaintiff was forced to attend his father's funeral in August 2007 wearing shackles.

Plaintiff alleges that "the Clerk of Court Gregg Hartman didn't make sure my civil rights wasn't violated" and the "Hamilton County Sheriff Department didn't release me on the 28 Sept. 07." (Complaint at 6). He also alleges that the "County didn't safeguard my civil rights." *Id.* Plaintiff further alleges that when he was subsequently incarcerated on a new charge, he filed grievances or "requests" to defendant Fisher seeking information on the jail credit issue and compensation for the 111 days he served beyond his sentence. The complaint alleges that defendant Fisher failed to give him direct answers to his requests or to direct his requests to the appropriate department or person who could answer his questions. As relief, plaintiff seeks $100,000.00 in damages for jail time served in excess of his actual sentence.

As an initial matter, the Court notes that plaintiff filed a similar complaint against

3

Hamilton County, Ohio Common Pleas Court Judge William L. Mallory and Hamilton County, Ohio Sheriff Simon L. Leis, Jr. *See Richardson v. Mallory*, Case No. 1:08-cv-600 (S.D. Ohio) (Barrett, J.; Black, M.J.). While his complaint was dismissed as to Judge Mallory, the complaint was permitted to proceed against defendant Leis. *See* Case No. 1:08-cv-600 (S.D. Ohio Oct. 7, 2008)(Doc. 7). That action is currently pending.

In the instant complaint, the first page of plaintiff's "statement of claim" appears to be a photocopy of the "statement of claim" from his complaint in Case No. 1:08-cv-600. It also appears that plaintiff may be attempting to name additional defendants in that lawsuit by filing the instant complaint. However, the instant complaint fails to state a claim for relief against Hamilton County, Ohio, former Hamilton County Clerk of Court Gregg Hartman, Hamilton County Sheriff Social Services employee Teri Fisher, and the Hamilton County Sheriff's Department.

Plaintiff's complaint against defendant Hamilton County, the Hamilton County Clerk of Court, and the Hamilton County Sheriff's Department must be dismissed. First, plaintiff fails to allege any particular facts showing how the former Clerk of Court or Hamilton County violated his constitutional rights. Second, plaintiff's complaint against the Clerk of Court and Sheriff's Department is in reality an official capacity suit against Hamilton County, the entity of which these defendants are agents. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). *See also Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir.2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because municipalities and

4

counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000), citing *Monell*, 436 U.S. at 694. To state a claim for relief against Hamilton County for his injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981)(municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that the failure to release him upon the expiration of his sentence was pursuant to a policy or custom of the Sheriff's Department or County. Plaintiff's § 1983 claim against Hamilton County is based on a theory of respondeat superior. Liability under § 1983 cannot be premised on the doctrine of respondeat superior. *Monell,* 436 U.S. 658. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendants Hamilton County, the Hamilton County Clerk of Court, and the Hamilton County Sheriff's Department and must be dismissed as to these defendants.

The complaint must also be dismissed as to defendant Hamilton County Sheriff Social Services employee Teri Fisher for failure to state a claim for relief under Section 1983. Plaintiff alleges that defendant Fisher failed to adequately respond to his grievance/request forms.

5

However, the denial of a grievance does not state a claim for relief under Section 1983. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies)). Section 1983 liability must be based on active unconstitutional behavior, not a mere failure to act as in the denial of a prisoner's grievance. *Shehee*, 199 F.3d at 300.

To the extent plaintiff complains defendant Fisher failed to properly respond to his grievances and requests, plaintiff's complaint fails to state a claim for relief for a denial of due process because plaintiff has no constitutional right to an effective grievance procedure. *See Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). *See also Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 W.L. 799760, at *3 (6th Cir. 2000) (no inherent constitutional right to an effective prison grievance procedure). Plaintiff's allegations against defendant Fisher do not give rise to a liberty interest protected by the Due Process Clause and must be dismissed.

Accordingly, plaintiff's complaint against defendants Hamilton County, former Hamilton County Clerk of Court Gregg Hartman, Social Services employee Teri Fisher, and the Hamilton County Sheriff's Department must be dismissed on the ground that it fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

Plaintiff is notified that this Order shall not affect the pending action in *Richardson v. Mallory*, Case No. 1:08-cv-600 (S.D. Ohio).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 4/1/09

S. Arthur Spiegel, Senior Judge
United States District Court